IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LOEPER, JR., on behalf of himself and others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY |
| v. | : ON DECEMBER 23, 2022 |
| WEGMANS FOOD MARKETS, INC., | : CLASS/COLLECTIVE ACTION |
| Defendant. | : |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Thomas Loeper, Jr. ("Plaintiff") brings this lawsuit against Wegmans Food Markets, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Shamokin, PA (Northumberland County).

5. Defendant is a New York corporation with a principal office located at 1500 Brooks Avenue, Rochester, NY 14603 and is registered to do business in Pennsylvania.

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates grocery stores in Pennsylvania and other states primarily in the Northeast and Mid-Atlantic regions.

9. In order to support its retail store operations, Defendant operates distribution warehouses, including one in Pottsville, PA.

10. Defendant employs hundreds of workers at its Pottsville warehouse. These employees are paid an hourly wage and will be referred to as the "Warehouse Workers."

11. During the three-year period relevant to this lawsuit, Plaintiff was employed by Defendant as a Warehouse Worker at the Pottsville warehouse.

12. Plaintiff, like other Warehouse Workers, often worked over 40 hours per week. For example, Plaintiff recalls that he worked up to 50-60 hours a week at times, particularly during busy seasons around holidays.

13. After entering the warehouse, Plaintiff and other Warehouse Workers must walk within the warehouse to time clocks located at or near their assigned work areas.

14. Defendant does not pay Plaintiff and other Warehouse Workers for all time that elapses between when they are required to be on Defendant's premises at the start of the workday to their paid shift start, including walking within the warehouse to time clocks.

15. At the end of the workday, Plaintiff and other Warehouse Workers must clock out at time clocks located at or near their assigned work areas. After clocking out, Plaintiff and other Warehouse Workers must walk within the warehouse to the exit area.

16. Defendant does not pay Plaintiff and other Warehouse Workers any compensation for time spent at the end of the workday walking within the warehouse from the time clocks to the exit area.

17. In order to incentivize Warehouse Workers to work additional hours beyond their scheduled shifts, Defendant regularly promises and pays Warehouse Workers additional compensation in the form of gift cards.

18. Defendant does not include the dollar value of the gift cards in the regular rate of Plaintiff and other Warehouse Workers for purposes of calculating their overtime rate in weeks in which they work over 40 hours.

## CLASS/COLLECTIVE ALLEGATIONS

19. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals employed by Defendant as Warehouse Workers (as defined in paragraph 10 above) within the past three years.

20. Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22. The class, upon information and belief, includes over a thousand individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of

other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

25. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

### (Overtime – Failure to Pay Correct Overtime Rate)

27. The FLSA requires that an employee's regular rate used for computing the employee's time-and-a-half overtime rate must be "determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

28.     By failing to include the gift card amounts paid to Plaintiff and other collective members in those employees' regular rates used to calculate and pay overtime, Defendant violated the FLSA and, in so doing, disregarded clearly applicable FLSA provisions and guidance.

## COUNT II – PMWA

### (Overtime – Failure to Pay Correct Overtime Rate)

29.     The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

30.     In failing to include the gift card amounts in Plaintiff's and other class members' regular rates in calculating overtime due, Defendant violated the PMWA.

## COUNT III – PMWA

### (Overtime – Failure to Pay for All Hours Worked)

31.     The PMWA entitles employees to compensation for "all hours worked" in a workweek.  *See* 43 P.S. § 333.104(a).  Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021).

32. Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime premium compensation for all hours worked, including walking within the distribution center to time clocks at the beginning of the workday, and walking within the distribution center from time clocks at the end of the workday.[1]

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: December 23, 2022                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Deirdre Aaron
　　　　　　　　　　　　　　　　　　　　　　　　Peter Winebrake (80496)
　　　　　　　　　　　　　　　　　　　　　　　　Deirdre A. Aaron (323389)
　　　　　　　　　　　　　　　　　　　　　　　　Winebrake & Santillo, LLC
　　　　　　　　　　　　　　　　　　　　　　　　715 Twining Road, Suite 211

---

[1] Plaintiff does not seek damages for weeks in which, according to Defendant's objectively ascertainable payroll data, he and other class members were not credited with working 40 hours or more.

Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen (206211)
Krysten Connon (314190)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

*Plaintiff's Counsel*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_Thomas C Loeper Jr_
Signature

_Thomas C Loeper JR_
Print Name