IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LOEPER, JR., on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>WEGMANS FOOD MARKETS, INC.,<br>Defendant. | Civ. Action No. 3:22-cv-2044-MEM |

### PLAINTIFF'S UNOPPOSED MOTION FOR "PRELIMINARY APPROVAL" OF CLASS ACTION SETTLEMENT AND OTHER RELATED RELIEF

In this class action lawsuit, Plaintiff Thomas Loeper, Jr. ("Plaintiff") asserts that Defendant Wegmans Food Markets, Inc. ("Wegmans") violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay him and other warehouse employees overtime wages for pre-shift and post-shift activities within Wegmans's Pottsville, Pennsylvania Retail Service Center ("RSC"). *See generally* ECF No. 1. Wegmans denies liability. Yet, like Plaintiff, Wegmans has agreed to settle the dispute in order to avoid the risk, delay, and expense of continued litigation. As is widely known, class action settlements are favored because they conserve "substantial judicial resources" and enable parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *In re GMC Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

The Parties' Class Action Settlement Agreement ("Agreement") is attached and covers Plaintiff and other individuals who worked as non-exempt, hourly associates at Defendant's Pottsville, Pennsylvania RSC and were credited with working over 40 hours at Defendant's Pottsville, PA RSC (not including leave, vacation, or holiday time) during the following weeks: (i) 12/22/19 until 4/20/20; (ii) 7/4//21 until 12/18/21; and (iii) 2/13/22 until 10/15/23. *See* ECF No. 31-1 (Agreement) at pp. 1-2 (defining "Class Member" and "Eligible Weeks"). As indicated, the settlement requires Wegmans to pay $350,000 plus any associated employer-side taxes and proposes the following distribution (subject to Court approval): **(i)** $223,334 will be paid to the class members; **(ii)** $116,666 will be paid to Plaintiff's lawyers to cover attorney's fees, litigation expenses, settlement administration expenses, and **(iii)** a $10,000 service award will be paid to Plaintiff. *See* ECF No. 31-1 at pp. 2-3 (defining "Net Settlement Fund").

The settlement is the result of extensive, arms'-length bargaining between the Parties. In exchange for their settlement payments, class members who do not exclude themselves are bound by a release that is narrowly tailored to this litigation. *See id.* at p. 4 (defining "Released Claims"). Moreover, other than settlement awards attributable to Settlement Class Members who elect to exclude themselves, *see id.* at pp 3-4 (defining "Payment Amount"), none of the settlement payment will revert to Wegmans; and class members are not required to return a

2

claim form in order to recover money, *see id.* at ¶ 10.[1]

Now that the Agreement has been executed, it must be reviewed for fairness per FRCP 23's "two-stage" process, which has been described as follows:

> Review of a proposed class action settlement typically proceeds in two stages. At the first stage, the parties submit the proposed settlement to the court, which must make "a preliminary fairness evaluation." If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to, and opt out of the settlement. At the second stage, after class members are notified of the settlement, the court holds a formal fairness hearing where class members may object to the settlement. If the court concludes that the settlement is "fair, reasonable and adequate," the settlement is given final approval.

*In re NFL Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 713-14 (E.D. Pa. 2014) (Brody, S.J.) (internal citations omitted).

Under Rule 23, preliminary approval is appropriate if, at the post-notice final approval stage, the Court "will likely be able to": (i) give final approval of the settlement under the criteria described in Rule 23(e)(2) and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). Here, the preliminary approval standard is satisfied:

---

[1] *See Roes v. SFBSC Management, LLC*, 944 F.3d 1035, 1058-59 (9th Cir. 2019) (describing the "perverse incentives" associated with reversionary, claims-made settlements); *see also In re Wawa*, 85 F.4th 712 (3d Cir 2023) (criticizing fee reversion provision and instructing district court on remand to investigate "how the reversion arrived" and whether "and whether its presence, even temporary, suggests coordinated rather than zealous advocacy.").

First, the Court "will likely be able to" give final approval to the settlement under Rule 23(e)(2) because:

    (A) Loeper and class counsel have adequately represented the class;

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Finally, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Rule 23(c)(2)(B), and the undersigned law firms are qualified to be appointed interim class counsel pursuant

4

to Rule 23(g)(3).

**WHEREFORE**, Loeper respectfully asks the Court grant this motion and enter the accompanying proposed order.

Date:  January 16, 2024                    Respectfully,

                                    _/s/ Deirdre Aaron_
Pete Winebrake (Pa Bar No. 80496)
Deirdre Aaron (Pa. Bar No. 323389)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen (Pa. Bar No. 206211)
Krysten Connon (Pa. Bar No. 314190)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973Sarah R. Schalman-Bergen
Krysten Connon
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

*Plaintiff's Counsel*

5