IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LOEPER, JR., on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>WEGMANS FOOD MARKETS, INC.,<br>Defendant. | Civ. Action No. 3:22-cv-2044-MEM |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL**
**<u>APPROVAL OF THE CLASS ACTION SETTLEMENT</u>**

In anticipation of the June 4, 2024 fairness hearing, Thomas Loeper, Jr. ("Plaintiff") respectfully moves for final approval of the settlement of this class action lawsuit, which alleges that Wegmans Food Markets, Inc. ("Wegmans") violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay him and other warehouse employees overtime wages to and from *intra*-warehouse time clocks at the beginning and end of the workday (hereafter **"walking time"**) within Wegmans' Pottsville, Pennsylvania Retail Service Center ("RSC"). *See generally* ECF No. 1. Wegmans denies liability.

If approved, the settlement requires Wegmans to pay a maximum of $350,000.00 plus any associated employer-side taxes and will be distributed as follows: **(i)** $228,334.00 will be allocated to the class members; **(ii)** $116,666.00 will be paid to Loeper's lawyers to cover attorney's fees, litigation expenses,

settlement administration expenses, and **(iii)** a $5,000.00 service award will be paid to Loeper.  *See* ECF No. 36-1 (Agreement) at pp. 2-3 (defining "Net Settlement Fund").[1]  If the Court disapproves any portion of the requested attorney's fees/expenses or service award, the disapproved monies will enhance payments to class members.  *See id.* at pp. 3-4 (defining "Payment Amount").

As discussed in the accompanying brief (ECF No. 36-6), the settlement should be approved because: (i) certification of the proposed settlement class, for settlement purposes only, is warranted under Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(3); (ii) the settlement is "fair, reasonable, and adequate" under Rule 23(e)(2); (iii) the attorney's fees and expenses (including settlement administration expenses) sought by class counsel are reasonable; and (iv) Plaintiff's requested service award is reasonable.

**WHEREFORE**, Plaintiff asks the Court to grant this motion and enter the accompanying proposed order.

Date:  May 28, 2024                               Respectfully,

                                              */s/ Deirdre Aaron*
                                              Deirdre Aaron

---

[1]  The Agreement initially contemplated that Plaintiff would request that the Court approve a service award to him of $10,000.  However, based on the Court's February 14, 2024 conference with the parties and the Court's subsequent preliminary approval order instructing the parties to modify the service award amount in the notice to $5,000 (ECF No. 34), Plaintiff instead seeks only $5,000 as a service award.

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah Schalman-Bergen
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(617) 994-5800

*For Plaintiff and the Settlement Class*