IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS LOEPER, JR., on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>WEGMANS FOOD MARKETS, INC.,<br>Defendant. | Civ. Action No. 3:22-cv-2044-MEM |

## ORDER

**AND NOW**, this 4th day of June, 2024, upon consideration of Plaintiff's "Unopposed Motion for Final Approval of the Class Action Settlement" ("Motion") (ECF No. 36), the accompanying "Class Action Settlement Agreement" ("Agreement") (ECF No. 36-1), the Declarations of Caroline Barazesh (ECF No. 36-2), Deirdre Aaron (ECF No. 36-3), and Sarah Schalman-Bergen (ECF No. 36-4), the accompanying brief (ECF No. 36-6), and the representations and arguments of counsel during the June 4, 2024 fairness hearing, it is hereby **ORDERED** that:

1. The Court, pursuant to Fed. R. Civ. P. 23(a) and (b)(3)., **CERTIFIES A SETTLEMENT CLASS** comprised of Plaintiff and other individuals who worked as non-exempt, hourly associates at Defendant's Pottsville, Pennsylvania RSC and were credited with working over 40 hours at Defendant's Pottsville, PA RSC (not including leave, vacation, or holiday time) during the following weeks:

(i) 12/22/19 until 4/20/20; (ii) 7/4/21 until 12/18/21; and (iii) 2/13/22 until 10/15/23. *See* ECF No. 36-1 (Agreement) at pp. 1-2 (defining "Class Member" and "Eligible Weeks").[1]

2. The Court **APPROVES** the settlement as be "fair, reasonable, and adequate" under the criteria described in Fed. R. Civ. P. 23(e)(2). The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

3. The Court appoints the law firms of Winebrake & Santillo, LLC and Lichten & Liss-Riordan, P.C. to serve as class counsel pursuant to Fed. R. Civ. P. 23(g).

4. The Court **APPROVES** as reasonable the $116,666.00 in combined attorney's fees, litigation expenses, and settlement administration expenses.

5. The Court **APPROVES** as reasonable the $5,000.00 service award to be paid to Plaintiff Loeper.

6. Upon satisfaction of Defendant's payment obligations under the Agreement, Class Members who have not properly and timely exercised their opt-out rights will be deemed to have conclusively released or discharged Defendant

---

[1] The following 6 individuals submitted timely requests to be excluded from the settlement: Janice Pittman, Lester Knapp, Thomas Reinhard, Haelee Jaquilin Taylor, Samantha Savicki, and Daniel Shafer. *See* ECF No. 36-2 (Barazesh Decl.) ¶ 14 and Ex. 3. The parties agree that these 6 exclusion requests are valid. *See* ECF No. 36-6 at p. 1 n.1.

and the other Released Parties, as defined in the Agreement, including its present and former owners, officers, directors and employees, from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendant and the other Released Parties, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished

7. This Action is **DISMISSED WITH PREJUDICE**. However, the Court retains jurisdiction over any disputes concerning the enforcement of the settlement.

_____
Malachy E. Mannion
United States District Judge

3